1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

STEVEN WAYNE BONILLA,

Case Nos.   20-cv-02989-PJH

Plaintiffs,

20-cv-04791-PJH
20-cv-04792-PJH

8
9

v.

20-cv-05250-PJH
20-cv-05252-PJH

10

Defendants.

20-cv-05591-PJH
20-cv-05598-PJH

11

20-cv-05600-PJH
20-cv-05603-PJH

12

20-cv-05652-PJH

13

20-cv-05701-PJH
20-cv-05774-PJH

14

20-cv-05776-PJH
20-cv-05827-PJH

15

20-cv-05847-PJH

16

**ORDER DISMISSING MULTIPLE
CASES WITH PREJUDICE**

17
18
19

Plaintiff, a state prisoner, has filed multiple pro se civil rights complaints under 42

20

U.S.C. § 1983.  Plaintiff is a condemned prisoner who also has a pending federal habeas

21

petition in this court with appointed counsel.  *See Bonilla v. Ayers*, Case No. 08-0471

22

YGR.  Plaintiff is also represented by counsel in state court habeas proceedings.  *See In*

23

*re Bonilla*, Case No. 20-2986 PJH, Docket No. 1 at 7

24

In these civil rights cases plaintiff names as defendants' various federal judges,

25

state judges, municipalities and other municipal and court officials.  Plaintiff presents very

26

similar claims in all these cases.  He seeks relief regarding his underlying conviction or

27

how his various pro se habeas petitions and other cases were handled by the state and

28

federal courts.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    To the extent that plaintiff seeks to proceed *in forma pauperis* (IFP) in these cases,

2  he has been disqualified from proceeding IFP under 28 U.S.C. § 1915(g) unless he is

3  "under imminent danger of serious physical injury" at the time he filed his complaint.  28

4  U.S.C. 1915(g); *In re Steven Bonilla*, Case No. 11-3180 CW; *Bonilla v. Dawson*, Case

5  No. 13-0951 CW.

6    The allegations in these complaints do not show that plaintiff was in imminent

7  danger at the time of filing.  Therefore, he may not proceed IFP.  Moreover, even if an

8  IFP application were granted, his lawsuits would be barred under *Heck v. Humphrey*, 512

9  U.S. 477, 486-87 (1994), *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), *Demos v. U.S.

10  District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) or *Mullis v. U.S. Bankruptcy Court*,

11  828 F.2d 1385, 1393 (9th Cir. 1987).  Accordingly, the cases are dismissed with

12  prejudice.

13    Furthermore, these are not cases in which the undersigned judge's impartiality

14  might be reasonably questioned.  *See United States v. Holland*, 519 F.3d 909, 912 (9th

15  Cir. 2008) (absent legitimate reasons to recuse himself or herself, a judge has a duty to

16  sit in judgment in all cases assigned to that judge).

17    The clerk shall terminate all pending motions and close these cases.  The clerk

18  shall return, without filing, any further documents plaintiff submits in these closed cases.

19    **IT IS SO ORDERED.**

20  Dated: August 20, 2020

21

22    */s/ Phyllis J. Hamilton*

23  PHYLLIS J. HAMILTON
    United States District Judge

24

25

26

27

28